EARLY COUNTY v. POWELL

1. A special act providing for the compensation of managers and clerks of elections in a given county, which declares that these persons shall each receive for their services in holding elections $2 per day, entitles them to the *per diem* mentioned, not only for the day on which the voting is done, but for the next day, when their services are necessary in completing the count and making up the returns.
2. The county, when charged by statute with the expense of holding elections, may be sued for the same, after due presentation of the claim to the proper officers and their refusal to audit and allow the same.
3. Proof that an account was presented to be audited and allowed, implies that the account was in writing when presented.
4. By virtue of the act of October 17th, 1885 (Acts, p. 68), the sheriff is empowered to serve a summons originating a suit in a justice's court. Personal service made by him upon county commissioners is personal service upon the county, where such commissioners, and not the ordinary, are the financial agents of the county.

August 14, 1894.                    *Judgment affirmed.*

*Certiorari.* Before Judge GRIGGS. Early superior court. October term, 1893.

Powell sued the county on account for two days' service as clerk in the election for county officers, $4; and one day's service as clerk in the election for justice of the peace in the 866th district G. M., $2. Upon this account was an affidavit by plaintiff, that the same was just, true and unpaid, that he had presented it to the board of commissioners of roads and revenues of Early county, and they refused payment, and that it is lawful to be paid under the act of the legislature of 1885. Acts 1884–5, p. 643. The suit was personally served by the sheriff on five named persons as a majority of the county commissioners. The defendant did not plead or offer any defence. Plaintiff testified that he served two days as clerk at the election in January, 1893, for county officers, serving from 7 o'clock A.M. to 11 o'clock P.M., when [the managers] adjourned to 8 o'clock next morning, and

then "finished counting out in time to consolidate."
He also served as clerk in the election for justice of the
peace in 1893, for which he was entitled to $2 per day.

The justice gave judgment for $6 in plaintiff's favor.
By *certiorari* defendant assigned error on the grounds
indicated by the head-notes. The *certiorari* was over-
ruled, and defendant excepted.

R. H. SHEFFIELD, by HARRISON & PEEPLES, for plaintiff
in error. R. H. POWELL & SON, *contra*.